IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01661-OES

RUSSELL M. BOLES,

    Plaintiff,

v.

RICHARD DANSDILL,
LT. PEOPLES,
TOM MALLARY,
TIMOTHY CREANY,
MICHAEL S. WALSH,
MIKE LAVOTO,
DONA ZAVISLAN,
GLORIA MASTERSON,
ANTHONY A. DECESARO,
ALL EMPLOYEES OF THE DEPT. OF CORRECTIONS,
ALL EMPLOYEES CLINICAL SERVICES FOR THE DOC, and
ALL EMPLOYEES OF THE PHARMACY SERVING THE DOC,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP - 8 2005

GREGORY C. LANGHAM
CLERK

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND
TEMPORARY RESTRAINING ORDER

Plaintiff Russell M. Boles is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Boles has filed *pro se* a Prisoner Complaint alleging that Defendants have violated his rights under the United States Constitution for various reasons, including interference with his therapeutic Kosher diet snacks. He also has filed a motion for a preliminary injunction, a motion for a temporary restraining order, and a memorandum in support of the motion for a temporary restraining order. The

Court must construe the motions for a preliminary injunction and a temporary restraining order liberally because Mr. Boles is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the motions will be denied.

Mr. Boles asks this Court to restrain Defendants from interfering with his therapeutic Kosher diet snacks. He does not allege that he currently is being denied such snacks. Rather, he alleges that he has been refused such snacks in the past and that he is concerned about the snacks being denied if he is moved to another prison facility.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b). Mr. Boles fails to allege any facts that demonstrate he is facing immediate and irreparable injury. Therefore, the motions for a preliminary injunction and a temporary restraining order will be denied. Accordingly, it is

ORDERED that the motions for a preliminary injunction and a temporary

restraining order filed by Plaintiff Russell M. Boles are denied. It is

FURTHER ORDERED that the motion for service of process by the United States Marshal is denied as premature.

DATED at Denver, Colorado, this _6_ day of _____Sept._____, 2005.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01661-OES

Russell M. Boles
Reg. No. 90379
FCF
P.O. Box 999- Unit 2
Canon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  9-8-05

                                    GREGORY C. LANGHAM, CLERK

                                    By: _____
                                                  Deputy Clerk