IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01661-PSF-CBS

RUSSELL M. BOLES,

    Plaintiff,

v.

RICHARD DANSDILL;
LT. CHARLES PEOPLES;
TOM MALLARY;
TIMOTHY CREANY;
MICHAEL S. WALSH;
GLORIA MASTERSON; and
ANTHONY A. DECESARO,

    Defendants.

---

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE
ENTERED MAY 29, 2007**

---

This matter comes before the Court on the Recommendation of the Magistrate Judge entered May 29, 2007 (Dkt. # 115) in which he recommended: 1) denying plaintiff's motion to amend the operative complaint (Dkt. # 79); 2) granting in part and denying in part defendants' "Partial Motion to Dismiss" (Dkt. # 69); 3) denying plaintiff's motion for a temporary restraining order (Dkt. # 94); and 4) denying plaintiff's "Motion to Dismiss Tendered Defences [sic]" (Dkt. # 88).  After being granted two extensions of time, plaintiff filed his objections to the Recommendation on August 2, 2007 (Dkt. # 123). Defendants have not filed an objection to the Recommendation.  More than twenty days have elapsed and defendants have not filed a response to plaintiff's Objections.  The matter is ripe for determination.  Pursuant to Rule 72(b), F.R.Civ.P.

and 28 U.S.C. § 636(b)(1)(C), the Court reviews *de novo* the portions of the Recommendation to which plaintiff has made specific objections. For the reasons set forth below, the Recommendation is accepted in its entirety.

**I.      BACKGROUND**

The operative complaint in this case is the "Amended Prisoner Complaint (verified)" filed by plaintiff *pro se* on December 9, 2005 (Dkt. # 30).[1] As the Magistrate Judge correctly found, that complaint states three claims for relief relating to conditions of plaintiff's confinement that allegedly occurred in 2004 and 2005 while plaintiff was at the Fremont Correctional Facility ("FCF"), located in Canon City, Colorado and operated by the Colorado Department of Corrections ("DOC").

The first claim for relief alleges a "denial and threatened denial of food" to plaintiff, who alleges that particular food, including Kosher food, has been prescribed for him due to his medical condition and dietary needs. Reading plaintiff's *pro se* complaint liberally, as the Court must do, the claim appears to allege violations of plaintiff's First Amendment right to free exercise of religion and his Eighth Amendment rights due to deliberate indifference to his medical needs. The first claim names as defendants Richard Dansdill, alleged to be the kitchen manager at FCF, Charles Peoples, alleged to be the senior office in charge of Kosher food preparation at FCF, Dr. Timothy Creany, alleged to be chief physician at FCF, Tom Mallory, alleged to be the FCF Laundry and Food Service Manager, Gloria Masterson, the associate warden

---

[1] Although this amended complaint was dismissed by order of the district court on January 6, 2006, due to plaintiff's failure to exhaust administrative remedies (Dkt. # 35), the Court of Appeals for the Tenth Circuit reversed that order and reinstated the case in October 2006 (*See* Dkt. # 54). It was then drawn to the undersigned judge.

at FCF, and Anthony DeCesaro, a DOC grievance officer located at the DOC offices in Colorado Springs, Colorado.

The second claim for relief also alleges deliberate indifference to plaintiff's medical needs in violation of the Eighth Amendment. This claim names only one defendant, Michael Walsh, alleged to be a physician's assistant at FCF, and asserts that he was deliberately indifferent to plaintiff's medical conditions which included a "profusely" runny nose, frequent sneezing fits, clogged sinus and bronchial passages, and itchy irritated eyes.

The third claim for relief alleges that plaintiff requested special accommodations for his alleged disabilities, including breathing machines, prescribed medications, and diet, but that they were denied to him in violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101, *et seq.* and the Rehabilitation Act 29 U.S.C. § 701, *et seq.* Although the claim asserts that the plaintiff's "ADA request was denied based on Dr. Creany's recommendations" (Dkt. # 30 at 12), the claim does not expressly name any of the seven defendants as responsible for such alleged denial.

On December 28, 2006, defendants filed their "Partial Motion to Dismiss" (Dkt. # 69) and supporting brief (Dkt. # 70) seeking dismissal of the second and third claims entirely, and the first claim to the extent it purported to assert claims under the Eighth Amendment. The defendants did not seek dismissal of the first claim to the extent it asserted claims under the First Amendment (*see* Dkt. # 70 at 21, n. 6). As grounds for dismissal, defendants argue the claims fail to state claims for relief, they are entitled to qualified immunity, there is a lack of personal participation by Defendants Masterson, DeCesaro and Dansdill to allow individual liability against them, and the failure to

3

allege physical injury as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) and (e) bars plaintiff's claims for emotional distress damages.

By minute order entered in open court on November 16, 2006, the Magistrate Judge allowed plaintiff until January 15, 2007 within which to file any amended complaint (Dkt. # 64).  On January 22, 2007, approximately 7 days after the deadline imposed by the Magistrate Judge, plaintiff filed his motion for leave to file an amended complaint and a proposed amended complaint (Dkt. # 79).  The proposed amended complaint sought to add 32 new defendants, including officials at three other correctional facilities and employees of Access Correctional Care, alleged to be a contract provider of medical services to DOC (Attachment 1 to Motion).  Although the proposed amended complaint lists three causes of action, they are substantially different and broader than the three claims contained in the operative pleading described above.

On February 12, 2007, defendants filed their opposition to the motion to amend, asserting that the motion was untimely, that the pleading failed to comply with the specificity requirements of Rule 8 of the Fed. R. Civ. P.,  and that the claims sought to be added were futile (Dkt. # 90).

On February 9, 2007, plaintiff filed a pleading caption "Motion to Dismiss Tendered Defences [sic] of Defendants and Deny Dismissal of Plaintiff's Claim" (Dkt. # 88).  On February 26, 2007, plaintiff filed a motion for a temporary restraining order (Dkt. # 94).

## II.    THE RECOMMENDATION OF THE MAGISTRATE JUDGE AND PLAINTIFF'S OBJECTIONS

The Magistrate Judge recommends granting defendants' motion to dismiss plaintiff's third claim, alleging violations of the ADA, in its entirety as it fails to state a claim under that statute. He recommends dismissal of defendants Masterson and DeCesaro from plaintiff's first claim due to lack of personal participation based on the facts alleged. He recommends denial of the defendants' motion to dismiss in all other respects. The Magistrate Judge also recommends denying plaintiff's motion to amend the complaint, his motion for a temporary restraining order, and his motion to dismiss defenses.

Plaintiff's Objections, although rambling and somewhat incoherent, and containing primarily a lengthy recitation of plaintiff's ailments and their medical definitions, appears to expressly object to the recommendation to deny the temporary restraining order and the recommendation to dismiss defendants DeCesaro and Masterson from the first claim. It is less clear whether plaintiff actually objects to the denial of his motion to amend the operative complaint, as he states in his Objections that denial of the motion to amend "would sure make litigation a lot easier for me." Plaintiff's Objections, Dkt. # 123 at 12. He explains that he named the additional defendants because he felt "it is a duty to provide notice of persons with information pertaining to the case (Rule 26)" and "[i]f the information they may have might be by their participation in the complained of acts, or in concert with them, it follows they should be named as defendants." *Id.* Finally, it does not appear that plaintiff has made objection to the recommendation to dismiss the third claim for relief, as he makes no

5

mention of the ADA or Rehabilitation Act, nor does he advance any arguments why the claim should not be dismissed. Nonetheless, the Court reviews *de novo* those parts of the Recommendation that recommend denial of plaintiff's motions or the partial granting of defendants' motion to dismiss.

## III.     Analysis

As defendants have filed no objection to the Recommendation to the extent it recommends denial of their partial motion to dismiss, the Court reviews that part of the recommendation for clear error or holdings contrary to law pursuant to Rule 72(a), F.R.Civ.P. Having found no clear error or rulings contrary to law, the Court accepts the Recommendation to the extent it recommends denial of defendants' partial motion to dismiss.

### A.     Plaintiff's Motion to Amend Operative Complaint

As to plaintiff's Objections, the Court first finds that the Magistrate Judge correctly ruled that the plaintiff's motion to amend the operative complaint should be denied due to the failure to comply with Rule 8(a), F.R.Civ.P., due to the futility of the claims asserted therein, and for the sake of judicial economy (Recommendation at 7-12). As the Magistrate Judge notes, although plaintiff supplemented the proposed complaint with a 15-page addendum titled "Supplemental Statement of Facts to Tendered Amended Complaint" (Dkt. # 80), the documents do not clearly state claims against any of the seven original defendants, do not explain which of the 32 proposed new defendants are named as to each of the three proposed claims, or which factual assertions relate to which claim for relief. The proposed complaint does not meet the pleading requirements of Rule 8(a), requiring a short and plain statement of the claim

showing that the pleader is entitled to the requested relief. As the Magistrate Judge also correctly found, the proposed amended complaint also fails to allege personal involvement by some of the 32 proposed defendants, including Defendants Ortiz, Rulo, Carochi, Pardus, Putnam, Shames, Cox, Filer, Keisel, Zwirn, Lusk or Strikler, thus making the claims proposed against them futile. Furthermore, as the proposed amended complaint is not apparently limited to acts which occurred at FCF, as is the case with the operative complaint, and lists a wide range of activities having little or no direct relation to the acts alleged in the operative complaint, judicial economy dictates that the new claims contained in the proposed amended complaint not be brought together with the three discrete claims already on file. Accordingly, the Court accepts the Recommendation of the Magistrate Judge and DENIES plaintiff's motion to amend the operative complaint (Dkt. # 79).

### B. Plaintiff's Objections to Recommendation on Partial Motion to Dismiss

Plaintiff's Objections sets forth a discussion of the law applicable to supervisor liability for constitutional wrongs committed by employees, but does not argue any specifics as to the personal involvement of Defendants DeCesaro and Masterson. As the Magistrate Judge correctly found, these two defendants are named only in the first claim of the operative complaint, where it is alleged only that Defendant Masterson "contributed to violations mentioned herein by denying relief to grievances" and Defendant DeCesaro "contributed to violations mentioned herein by denying grievances." Amended Complaint, Dkt. # 30 at 9. No specific involvement in the alleged unconstitutional conduct is pled.

The Court agrees with the Magistrate Judge that such allegations are insufficient to establish supervisor liability. The applicable case law in this circuit states:

> In order to establish a §1983 claim against a supervisor for the unconstitutional acts of his subordinates, a plaintiff must first show the supervisor's subordinates violated the constitution. Then, a plaintiff must show an "affirmative link" between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates. . . . In this context, the supervisor's state of mind is a critical bridge between the conduct of a subordinate and his own behavior. Because "mere negligence" is not enough to hold a supervisor liable under §1983, a plaintiff must establish that the supervisor acted knowingly or with "deliberate indifference" that a constitutional violation would occur. . . .

*Serna v. Colorado Dept. of Corrections,* 455 F.3d 1146, 1151-52 (10th Cir. 2006) (citations omitted).

Under *Serna*, the plaintiff must show an affirmative link of either "active participation," which is not alleged here, or acquiescence in the constitutional violations of the subordinates. The allegations here are that the acquiescence occurred through the formal grievance procedures. But the grievance documents which the plaintiff submitted to the Court with his complaint, to the extent they are complete, reflect no involvement of Defendant Masterson in the alleged conduct, or even in the review of the grievances (*see* Dkt. # 28 at 2-13). The review of the grievances at the DOC level was carried out by Defendant DeCesaro (*see* Dkt. # 28 at 2-4, 6-7). But, as the Magistrate Judge correctly found, the mere involvement of processing a grievance at an administrative level does not establish the affirmative link required to establish supervisor liability for an employee's conduct. *See Johnson v. G.E.O./Lawton Correctional Facility*, 2005 WL 2739212 (W.D. Okla., Oct. 24, 2005) (holding that

plaintiff failed to state a claim for relief based solely upon a defendant's participation in the processing of a grievance).

Accordingly, the Court finds that the plaintiff's complaint lacks allegations sufficient to establish the degree of personal involvement necessary to establish supervisor liability under controlling law. The claims against Defendants Masterson and DeCesaro are dismissed.

The Magistrate Judge recommends dismissal of plaintiff's third claim, alleging a violation of the ADA or the Rehabilitation Act, because the claim fails to state a cognizable claim for relief under the statutes (Recommendation at 21-22). As noted, plaintiff has not made a specific objection to this portion of the Recommendation.

The Magistrate Judge states that a fair reading of plaintiff's third claim indicates that it is primarily an objection to the medical treatment received by plaintiff. *Id.* Indeed, the first sentence of the third claim acknowledges as much, stating "[t]his might be considered failure to provide adequate care, . . . ." Amended Complaint, Dkt. # 30, at 12. But, the complaint suggests that the claims also fall under the ADA or the Rehabilitation Act. Plaintiff alleges he requested special accommodation for his medical maladies, including a prescribed breathing machine, prescribed medication and diet, all of which were denied to him. He claims he is therefore being discriminated against because his medical needs are not being met, and he is not able to function as a normal human being. *Id.*

However, as the Magistrate Judge correctly states, objections by inmates to a denial of medical treatment or alleged substandard care for a condition they are suffering, do not rise to the level of discrimination claims under the ADA or

9

Rehabilitation Act.  *See Fitzgerald v. Corrections Corp of America*, 403 F.3d 1134, 1143-44 (10th Cir. 2005)(neither the ADA nor the Rehabilitation Act provide remedies for alleged medical negligence) and *Moore v. Prison Health Services, Inc.*, 1999 WL 1079848 at *1 (10th Cir., Dec. 1, 1999) ("These statutes afford disabled persons legal rights regarding access to programs and activities enjoyed by all, not a general federal cause of action for challenging the medical treatment of their underlying disabilities."). Since plaintiff here is primarily complaining about the treatment he has received, and since his claims regarding his medical treatment are already pled in the first claim, the ADA and Rehabilitation Act claims must be dismissed.  Accordingly, the Court accepts the Recommendation that plaintiff's third claim be dismissed with prejudice.

### C.     Plaintiff's Motion For Injunctive Relief

As the Magistrate Judge has correctly found, plaintiff's motion for a temporary restraining order seeks a mandatory injunction requiring a medical evaluation by a physician outside of the DOC on the course of treatment for plaintiff's conditions of hypoglycemia and intestinal disorders (Dkt. # 94 at 2).  Plaintiff argues that he is entitled to such evaluation because the care he has received to date is not adequate.

The Magistrate Judge recommends denial of this motion because it requests a mandatory inunction which would change the *status quo*, and such an injunction is only warranted when the party seeking such relief shows an injury "of such imminence that there is a clear and present need for such relief to prevent irreparable harm," citing to *Schrier v. Univ. of Colo.*, 427 F. 3d 1253, 1267 (10th Cir. 2005).  Plaintiff has failed to make such a showing.

While the Court does not doubt the sincerity of plaintiff's assertion that he suffers from the alleged conditions, and understands that he is not satisfied with the treatment he is receiving, he has not made a showing of imminent and irreparable harm if he does not receive the outside evaluation he seeks. As the law in this circuit plainly states, a "prisoner's right is to medical care-not to the type or scope of medical care which he personally desires." *Henderson v. Secretary of Corrections*, 518 F.2d 694, 695 (10th Cir. 1975) (internal quotation marks and citation omitted). The Constitution does not guarantee a prisoner the treatment of his choice. *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992). "Whether a specialist should be consulted is generally considered an exercise of medical judgment that is not subject to redress under the Eighth Amendment." *Franklin v. Kansas Dept. Of Corrections*, 160 Fed. Appx. 730 (10th Cir., Dec. 23, 2005).

In his Objections plaintiff argues that since his medical "injuries" have not gone away they must be "irreparable injuries." (Dkt. # 123 at 2). That may be so from a medical standpoint, but that does not satisfy the equitable definition of an irreparable injury. Furthermore, much of plaintiff's Objection addresses what he refers to as the failure to meet a "professional standard of care" for the treatment of his conditions. However, as the Tenth Circuit has stated "matters that fall within the scope of medical judgment" are not subject to the Eighth Amendment's prohibition against cruel and unusual punishment. *Self v. Crum,* 439 F.3d 1227, 1232 (10th Cir. 2006), *cert. denied* 127 S.Ct. 131 (Oct. 2, 2006). As plaintiff here has not alleged claims for malpractice there would be no basis for granting injunctive relief even if he demonstrated a failure to meet the professional standard of care.

11

The Magistrate Judge's Recommendation to deny the motion for temporary restraining order is accepted.

### D.     Plaintiff's Motion to Dismiss Defenses

The Magistrate Judge recommends denying this motion without prejudice because it is "procedurally flawed," as what the plaintiff apparently seeks to do is strike certain tendered affirmative defenses.  However, he has combined his request with his response to the motion to dismiss and therefore he does not state proper grounds under Rule 12(f) to strike an affirmative defense (Recommendation at 26-27).  The Court agrees that the plaintiff's motion should be denied without prejudice at this time.

### CONCLUSION

Plaintiff's Motion to Amend the Operative Complaint (Dkt. # 79) is DENIED.

Defendants' Partial Motion to Dismiss (Dkt. # 69) is GRANTED in part and DENIED in part.

Plaintiff's Motion for a Temporary Restraining Order (Dkt. # 94) is DENIED.

Plaintiff's "Motion to Dismiss Tendered Defences [sic]" (Dkt. # 88) is DENIED WITHOUT PREJUDICE.

DATED:  September 20, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge